IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Bender,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Epting Distributors, Inc.,<br><br>　　　　　Defendant. | C/A No. 3:24-cv-04344-JFA<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　　INTRODUCTION

Plaintiff Carolyn Bender, ("Plaintiff") filed this action alleging federal and state law claims against her former employer and coworkers. (ECF No. 1-1). Subsequently, Defendants filed a Motion to Dismiss.[1] (ECF No. 5). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. The Magistrate Judge issued a Report and Recommendation, recommending this Court grant Defendants' motion for failure to state a claim upon which relief can be granted. (ECF No. 14). This Court adopted the Magistrate Judge's first report in its entirety and referred the case back to the Magistrate Judge for further proceedings on Plaintiff's remaining disparate treatment claim. (ECF No. 19). As a result, former

---

[1] Defendants sought to dismiss the following claims: (1) Race harassment under 42 U.S.C. § 1981; (2) negligent supervision; (3) breach of contract; (4) breach of contract with fraudulent intent; and (5) civil conspiracy. (ECF No. 5). Defendants did not move to dismiss Plaintiff's race discrimination/disparate treatment claim. *Id.*

Defendants Abigail Padilla ("Padilla") and Jim Blevins ("Blevins") were dismissed as parties to this action. *Id.* at 16.

On May 28, 2025, the remaining Defendant, Epting Distributors. Inc., ("Defendant") filed a Motion for Summary Judgment for Plaintiff's race discrimination/disparate treatment claim brought pursuant to 42 U.S.C. § 1981. (ECF No. 29). On June 20, 2025, the Magistrate Judge issued a second Report and Recommendation ("Report"), recommending that this Court grant Defendant's Motion for Summary Judgment. (ECF No. 33). On August 4, 2025, Plaintiff filed objections to the Report, (ECF No. 37), to which Defendant filed a Reply. (ECF No. 38). Therefore, this matter is ripe for review.

## II.   LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v.*

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## III. DISCUSSION

The relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 33). However, a brief recitation of the factual background is necessary to analyze the objections.

Plaintiff's claims relate to alleged workplace misconduct motivated by racial animus. In May of 2022, Defendant hired Plaintiff, an African American female, as an accounts payable specialist. (ECF No. 1-1, ¶ 7). Plaintiff was subsequently terminated by Defendant. *Id.* at 31. Defendant alleges it terminated Plaintiff due to unsatisfactory attendance and job performance. (ECF No. 29-1, p. 8). Defendant relies on a Declaration by former Defendant Blevins, records showing Plaintiff's frequent absences, an incident wherein Defendant alleges a vendor placed it on a credit hold due to Plaintiff's unsatisfactory performance, and other evidence of unsatisfactory performance. *Id.* Conversely, Plaintiff alleges these reasons are pretextual and her termination was motivated by racial animus. (ECF No. 30, p. 11). Plaintiff points to a conflict with her former mentor Alice Griffin ("Griffin"), an alleged inconsistently enforced attendance policy, and declarations by former co-workers as evidence to attempt to show the justifications provided for her termination are merely pretextual. (ECF No. 30).

After reviewing Defendant's Motion for Summary Judgment, Plaintiff's Response to the Motion, and Defendant's subsequent Reply, the Magistrate Judge concluded this Court should grant Defendant's Motion. (ECF No. 33). In response, Plaintiff enumerated four separate objections. (ECF. No. 37). Although most of these objections appear to be mere disagreements with the Magistrate Judge's conclusions reinforced by a rehashing of those arguments previously presented, the Court nonetheless addresses each argument below.

Objection 1

For Plaintiff's first objection, she alleges the Magistrate Judge did not view the evidence in the light most favorable to her as the nonmovant. *Id.* at 4. Specifically, "Plaintiff believes the judge exceeded her role, made credibility determinations, attempted to resolve factual disputes, undermined [] Plaintiff's evidence, and failed to view the matter in the light favorable to the nonmoving party." *Id.* Particularly, Plaintiff claims the Magistrate Judge's "reiteration of the facts of the case often mirrors the facts as presented by Defendant, nearly verbatim" for some incidents and relies heavily on Defendant's facts as it relates to the incident with Griffin, the attendance policy, and the credit hold. *Id.* at 4-5.

Notably, Plaintiff's statement of the facts in its Response to Defendant's Motion for Summary Judgment stated in its entirety: "Plaintiff relies solely upon the facts and deposition records to support the allegations as stated in her well-pled Complaint." (ECF No. 30, p. 2). Thus, this may clarify some frustration Plaintiff has as to why the Report

mirrored the phrasing of Defendant's Motion when discussing some facts. Nonetheless, it is clear the Magistrate Judge reviewed all evidence presented to her in preparing the Report and viewed this evidence in the light most favorable to the nonmovant as required by Fed. R. Civ. P. 56.

"[I]n looking at the evidence in the light most favorable to Plaintiff, the Magistrate Judge is not required to ignore evidence adverse to Plaintiff's position and consider only evidence which supports Plaintiff's position. Rather, the Magistrate Judge must look at the evidence, draw all reasonable inferences favorable to Plaintiff's position, and resolve any conflicts in the evidence in favor of Plaintiff." *Curry v. S.C. State Election Comm'n,* No. 3:22-CV-0911-JFA-TER, 2024 WL 862239, at *6 (D.S.C. Feb. 29, 2024), *aff'd*, No. 24-1471, 2025 WL 1806876 (4th Cir. July 1, 2025). Instead of showing the Magistrate Judge undercut Plaintiff's evidence, the Report reflects the Magistrate Judge properly concluded Plaintiff has failed to show a genuine issue of material fact exists.

The Report gives credence to Plaintiff's position, analyzing the issue as if she had established a prima facie case of discrimination—which is disputed by Defendant.[2] Thus, the Magistrate Judge evaluated Plaintiff's position under the *McDonnell Douglas* burden shifting framework which requires Plaintiff to show the employer's non-discriminatory

---

[2] Defendant in its Response to Plaintiff's Objection invites this Court to revisit the Magistrate Judge's analysis in assuming a prima facie case of discrimination was met under the *McDonnell Dougals* standard. (ECF No. 38, p. 16). Defendant argues that because Plaintiff was allegedly replaced with a person from the same protected class, or because the hirer and firer were the same person, and termination may have occurred within a relatively short period of time she is unable to establish a prima facie case. *Id.* at 16-23. However, as discussed herein, because Plaintiff failed to survive Summary Judgment under the assumption a prima facie case of discrimination was made, such analysis is unnecessary. *See* (ECF No. 33, f.n. 8).

reasons for termination are a pretext for discrimination. (ECF No. 33, p. 18). Therefore, in assessing whether there was a genuine issue of material fact, the Magistrate Judge assessed whether Plaintiff met her burden of showing the non-discriminatory reasons presented by Defendant—unsatisfactory performance and attendance—were merely a pretext. In trying to meet this burden, Plaintiff presented depositions and declarations of former co-workers as well as her own deposition discussing her experience as an employee of Defendant. Plaintiff states in her objection that the Magistrate Judge did not consider the evidence presented by Plaintiff's former co-workers: Walters, Cox, and McKnight. (ECF No. 37, p. 5). However, the Magistrate Judge explicitly discussed this evidence and the reasons it does not present a dispute of material fact on pages nineteen through twenty-three of the Report. (ECF No. 33 pgs. 19-23).

To avoid repetition, an explanation of why the Magistrate Judge was correct in finding there was no genuine issue of material fact based on this evidence is addressed with Plaintiff's third objection. The Magistrate Judge viewed the evidence in a light most favorable to the nonmovant and considered all relevant evidence presented by Plaintiff. Accordingly, Plaintiff's first objection is overruled.

Objection 2

For Plaintiff's second objection, she alleges Defendant and the Magistrate Judge misinterpreted the issue Plaintiff took with Blevins's Declaration. (ECF No. 37, p. 5). Plaintiff states the Magistrate Judge inaccurately characterized her argument as trying to discard or strike Blevins's Declaration, or in the alternative that a discovery violation

occurred. *Id.* However, in the very next sentence of Plaintiff's objection she states: "Plaintiff instead suggested that the Declaration was entered without any substantive, probative evidence to support the opinions of Defendant Blevins, despite such evidence being readily available and easily obtainable during Discovery and at the filing of the Motion for Summary Judgment." *Id.* Seemingly, Plaintiff also alleges the Declaration lacks supporting evidence and was inappropriately given higher regard by the Magistrate Judge than the sworn statements and depositions of Plaintiff's witnesses. *Id.* Because Plaintiff indicates this is not an argument a discovery violation occurred; this Court will not interpret it as such. Instead, this Court reading Plaintiff's objection generously interprets the objection to argue that a declaration without supporting evidence is merely hearsay and should not have been considered by the Magistrate Judge at this stage. Plaintiff offers no case law in support of this position.

A declaration may be considered in ruling on a motion for summary judgment. Fed. R. Civ. P. 56. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Defendant states that "[i]n his Declaration, Blevins relied upon his own personal knowledge, set out facts that are admissible in evidence, and showed that he was competent to testify on the matters stated. . ." (ECF No, 38, p. 11). A review of Blevins's Declaration supports Defendant's statement. While pointing out that Blevins's Declaration presents evidence not favorable to Plaintiff and alleging the Declaration is inappropriate hearsay,

Plaintiff presents no evidence to indicate the Declaration should not be considered. While every statement made in Blevins's Declaration is not supported by some document or further evidence, the Declaration itself may still be considered. In fact, Plaintiff seems to address her own objection when she states: "While Plaintiff recognizes the purpose and legality of a Declaration submitted with the Motion for Summary Judgment, Plaintiff argues that Defendant Blevins' Declaration, especially viewed in a misplaced light not favorable to the moving party, allows hearsay to be presented as the truth of the matter asserted and justifies the pretextual termination of Plaintiff, which occurred in the Report and Recommendation." (ECF No. 37, p. 6).

Declarations may be considered in a motion for summary judgment. Merely alleging a statement made by a declarant in a declaration is an opinion rather than a fact or that there must be some other document in existence that was not turned over does not make a Declaration inadmissible. Further, there is no indication Blevins's Declaration constitutes hearsay rather than information based on personal knowledge as certified by Blevins. (ECF No. 29-14, p. 2). Therefore, Plaintiff's second objection lacks merit and is overruled.

Objection 3

For Plaintiff's third objection, she alleges the Report inappropriately recommends dismissal despite genuine issues of material fact remaining. (ECF No. 37, p. 7). Plaintiff contends there is a genuine issue of material fact regarding: (1) the enforcement of Defendant's leave and attendance policy and its applicability to Plaintiff's termination; (2) whether Plaintiff's termination for unsatisfactory performance was pretextual; and (3)

whether Defendant hired an African American to replace Plaintiff. *Id.* at 7-14. Each contention is addressed below.

(1) <u>Enforcement of Defendant's leave and attendance policy</u>

One non-discriminatory reason presented by Defendant for Plaintiff's termination is that her attendance was unsatisfactory and in violation of its policy. (ECF No. 29-1, p. 7). Blevins, Defendant's CFO, stated in his Declaration that Plaintiff took more unpaid time off during 2022 and 2023 than any other employee he has managed or any other employee at the Lexington headquarters. (Blevins' Decl. ¶ 30). In Blevins's Declaration, he refers to a document submitted as an exhibit which shows Plaintiff took 101 hours of unpaid time off during 2022 and 102.79 hours of unpaid time off during 2023. (ECF No. 29-6). Additionally, Blevins provided two documents which refer to a discussion he and Padilla had with Plaintiff regarding her unsatisfactory attendance dated May 24, 2023. (ECF No. 29-7).

Plaintiff, while citing no supporting law or the record, alleges that she has presented testimony sufficient to create a genuine dispute of material fact over whether her termination for unsatisfactory attendance was pretextual. (ECF No. 37, pgs. 7-10). Plaintiff alleges the declaration and depositions of former co-workers, and her deposition testimony regarding the attendance policy are sufficient. *Id.* This Court agrees with the Magistrate Judge and is not convinced this evidence creates such a genuine question. (ECF No. 33, p. 19-20). Cox's Declaration regarding the attendance policy and Plaintiff's attendance states:

> The company did have an attendance policy like every other company. But attendance and tardiness were never really rigidly enforced. Unless it was a consistent or frequent occurrence, I'm not aware of anyone that was disciplined or given a hard time if you were a few minutes late, or had to be out for a legitimate reason. In fact, I'm aware of at least three other people that were frequently late, and who should have received some sort of discipline. But to my knowledge, nothing was ever said to them. I also know of others that were absent and not required to provide a doctor's excuse. I, myself have been late or absent on occasion, and I was never given a hard time or required to provide a doctor's excuse. Because Ms. Bender and I worked within the same role, I interacted with her often. Our desks were within speaking distance of each other, and our duties required daily and frequent interaction. I don't recall her being late often; and as best I can recall, she was rarely out of work. But when she was out, she was always treated far differently then the rest of the staff. People generally took time off whenever necessary/desired (whether it was with or without pay), I personally was never given a hard time, and was able to take off when needed.

(ECF No. 30-4).

This evidence is insufficient to rebut Defendant's evidence that Plaintiff had unsatisfactory attendance. First, Cox does not speak with certainty regarding Plaintiff's attendance. Rather, her statements regarding Plaintiff's attendance are limited to stating she does not recall whether Plaintiff was late often. The statements certainly do not address Defendant's records which indicate significant time off over the course of Plaintiff's employment—some of which occurred before Cox was employed by Defendant. Further, Plaintiff does not contradict Blevins's Declaration wherein he states such large amounts of unpaid time—taken by Plaintiff—consistently caused difficulties for the company and consistently caused Plaintiff to fall behind with her job duties. (Blevins' Decl., ¶ 31). In fact, in reviewing Cox's Declaration her statement appears to support Defendant's contention. Cox states: "But attendance and tardiness were never really rigidly enforced.

Unless it was a consistent or frequent occurrence, I'm not aware of anyone that was disciplined or given a hard time if you were a few minutes late, or had to be out for a legitimate reason." (ECF No. 30-4). Plaintiff's attendance issues appear to have been a frequent occurrence evidenced by the sheer amount of time taken off and the discussion Blevins and Padilla had with Plaintiff regarding her attendance in May of 2023, seven months prior to her termination. (ECF No. 29-7).

Plaintiff, in her Objection, also makes many speculative claims regarding the evidence presented by Defendant. Plaintiff notes that the termination for attendance leave was documented only in Blevins's letter to Plaintiff as a primary reason for the adverse employment action, not in the system records. (ECF No. 37, p. 8). Further, Plaintiff challenges that Belvins's statement, Plaintiff had the worst attendance of any of his subordinates, is improper hearsay because Defendant does not provide the leave records of other employees and did not provide an audit of leave requests or approval of personnel. *Id.* For the reasons discussed herein, this Court does not find that any of these contentions create a genuine issue of fact regarding Plaintiff's attendance and Defendant's determination this attendance was unsatisfactory.

Therefore, upon a review of the evidence presented, this Court finds there is no genuine dispute of material fact as to whether Defendant's termination of Plaintiff for unsatisfactory attendance was merely pretextual.

(2) Unsatisfactory Performance

Defendant also provides, as a non-discriminatory reason for termination, that Plaintiff's performance was unsatisfactory. (ECF No. 29-1). Defendant refers to multiple deficiencies in Plaintiff's performance including her unsatisfactory attendance, her disorganization in maintaining the file room, and Plaintiff's alleged failure to process payments which resulted in a vendor placing Defendant on a credit hold. *Id.* at 14-16. Alternatively, Plaintiff alleges her work performance was beyond satisfactory, and the documents provided by Defendant as well as the testimony of former Defendant Blevins are merely pretextual justifications. (ECF No. 30, p. 11). Plaintiff contends her deposition, and the declarations of her co-workers present a genuine issue of material fact, and accordingly the Report was erroneous in suggesting Defendant's Motion for Summary Judgment be granted. *Id.* This Court disagrees.

In her objection, Plaintiff alleges the Magistrate Judge improperly gave greater weight to Defendant's evidence when reviewing the circumstances surrounding the credit hold, as well as the general treatment of Plaintiff in the workplace. Plaintiff—while restating the factual arguments from her Response to Defendant's Motion for Summary Judgment—fails to reconcile the Magistrate Judge's statement of Fourth Circuit law regarding evidence in employment disputes with her arguments. A plaintiff's own testimony "cannot establish a genuine issue as to whether [plaintiff] was meeting [the employer's] expectations." *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). Further, "it is well settled in the Fourth Circuit that the opinions of co-workers are irrelevant in

assessing a plaintiff's performance. Only the opinions of the employers are relevant." *Stevens v. Del Webb Communities, Inc.*, 456 F. Supp. 2d 698, 708 (D.S.C. 2006) (citation omitted); *See also Curry v. S.C. State Election Comm'n,* No. 3:22-CV-0911-JFA-TER, 2024 WL 862239, at *5 (D.S.C. Feb. 29, 2024), *aff'd*, No. 24-1471, 2025 WL 1806876 (4th Cir. July 1, 2025) ("The opinion of Plaintiff's colleagues regarding her job performance is only probative of the fact that those co-workers felt a certain way about her work. It is not probative of whether Plaintiff's work was actually meeting the legitimate performance expectations of the Defendant.").

Therefore, Plaintiff's deposition and the testimony of her former co-workers are not sufficient to rebut Defendant's evidence. Defendant has produced through the Declaration of Blevins, a decision-maker regarding Plaintiff's employment, and accompanying employment records that Plaintiff's performance was unsatisfactory. Defendant has alleged Plaintiff was terminated in part for failing to process payments to numerous vendors, including payments to one vendor in the amount of $50,430.46 which resulted in the vendor placing Defendant on a credit hold. (ECF No. 29-1, p. 16). Plaintiff argues in her objection that Defendant has failed to prove Plaintiff was at fault for this credit hold and contends former Defendant Blevins and Padilla would likely be more at fault. Further, Plaintiff refers to statements of her co-worker McKnight, who worked in the warehouse and not in the office where Plaintiff worked, where he stated he was aware of the account hold and could not state that Plaintiff was the cause of the account hold. (ECF No. 37, p. 11-12).

This testimony does not create the issue of fact Plaintiff contends it does. Rather, testimony by co-workers who were not decision-makers regarding Plaintiff is not probative of Plaintiff's performance. It is the thought-process of the decision maker that must be considered. Further, even if Plaintiff was not at fault for the credit hold, Plaintiff has not shown Defendant terminated her knowing she was not at fault. If a plaintiff is fired for misconduct she "did not actually engage in, that is unfortunate, but a good-faith factual mistake is not the stuff of which Title VII violations are made." *Powell v. Biscuitville*, Inc., 858 F. App'x 631, 633 (4th Cir. 2021) (citing *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 903 (4th Cir. 2017)). Here, Defendant presents that former Defendants Blevins and Padilla believe Plaintiff is responsible for this error which occurred within the scope of Plaintiff's duties. (ECF No. 38, p. 8). Further, Blevins in his declaration states that he found the invoices which resulted in this credit hold on Plaintiff's desk and among emails in Plaintiff's inbox that had not been answered. (ECF No. 29-14, p. 6). No evidence has been introduced to suspect Blevins or Padilla made a bad-faith mistake in determining Plaintiff was responsible for this error.

Plaintiff further contends Defendant's overall treatment of Plaintiff, and the alleged harassment Plaintiff endured from her former supervisor Griffin provides evidence the non-discriminatory reasons given for her termination are pretextual. (ECF No. 37, p. 12). Cox, Plaintiff's co-worker, states in her affidavit that she had been influenced to dislike Plaintiff before her first day of work as Plaintiff had been referred to negatively by Blevins and Padilla in Cox's interview process. (ECF No. 30-4). Further, Cox stated she did not find

Plaintiff difficult to work with; however, she was often approached by Padilla who asked about Plaintiff's performance. *Id.* at ¶ 11. Additionally, Cox stated she observed Padilla treat Plaintiff in a rude and demeaning manner and was overly "nit-picky" of Plaintiff. *Id.* at ¶ 12-13. Cox goes on to state: "I can't say for certain that [Plaintiff] was treated this way because of her race. But it sure did seem like the only reasonable answer in my opinion." *Id.* at ¶ 21. Cox's statements viewed in the light most favorable to Plaintiff still does not create a genuine issue of material fact. While Cox may have perceived that there was animosity between Plaintiff and her supervisors, there is no indication this alleged dislike stemmed from racial animus rather than the above discussed poor performance. Plaintiff contends Defendant desired to terminate her for an entire year prior to her termination but the altercation between Plaintiff and Griffin—which resulted in Griffin's termination, not Plaintiff's—thwarted this plan and required Defendant to begin a "paper trail and smear campaign" to terminate Plaintiff. (ECF No. 30, pgs. 11-12). Plaintiff's suppositions, even supported by Cox's declaration, do not create a genuine issue of material fact that Plaintiff was terminated for the non-discriminatory reasons provided by Defendant.

Defendant states it terminated Plaintiff for her unsatisfactory attendance and performance. Plaintiff in response presents declarations of co-workers and makes unsupported allegations regarding the motivations of former Defendant Blevins in making his declaration. Plaintiff fails to reconcile her claims with the precedent of this Circuit. Even if Plaintiff's co-workers believed she was a great employee that had great performance and attendance, it is the mind of the decision-maker this Court concerns itself

with. *Stevens,* v. 456 F. Supp. 2d at 709 ("Thus, the fact that a select group of [plaintiff's] co-workers believed that [plaintiff] was a team player does not replace [the employer's] management's reasonable determination that she was not."). Therefore, upon a review of the evidence presented, this Court finds there is no genuine dispute of material fact as to whether Defendant's reason for terminating Plaintiff for unsatisfactory attendance was merely pretextual.

### (3) Defendant's Replacement for Plaintiff

Additionally, Plaintiff avers there is a genuine dispute of material fact as to whether Defendant hired an African American to replace Plaintiff after her termination. (ECF No. 37, p. 14). Defendant alleges it replaced Plaintiff with Carlton Reynolds ("Reynolds") approximately three weeks after terminating Plaintiff. (ECF No. 38, p. 10). Reynolds is African American, the same race as Plaintiff. *Id.* Plaintiff does not dispute Reynolds was hired, rather Plaintiff alleges Reynolds was actually hired to replace Cox, a white female, who had resigned prior to Plaintiff's termination. (ECF No. 37, p. 14). Accordingly, Plaintiff opines there is a genuine dispute of material fact as to whether Reynolds was hired to replace Plaintiff or replace Cox. This Court rejects this portion of Plaintiff's objection for two reasons.

First, even if Plaintiff was correct and there was a genuine dispute as to whether Reynolds was hired to replace Cox or Plaintiff, such a determination would not have impacted the Magistrate Judge's conclusion and does not impact this Court's determination. In preparing the Report, the Magistrate Judge gave Plaintiff's position a

positive interpretation such that she analyzed this case as if Plaintiff had established a prima facie case of discrimination. While Plaintiff correctly indicates the determination of whether Reynolds was hired to replace Plaintiff was an important defense of Defendant, this defense was critical to whether Plaintiff could establish a prima facie case of discrimination. Here, the Magistrate Judge gave Plaintiff the benefit of the doubt and allowed the assumption of a prima facie case without assessing whether she had been replaced by a person of the same class. Thus, the hiring of Reynolds is merely evidence regarding whether Plaintiff has shown Defendant's non-discriminatory reasons for termination were pretextual. This Court agrees with Defendant's assertion that even if Reynolds had been hired to replace Cox rather than Plaintiff, that evidence would nonetheless be favorable to Defendant's position. (ECF No. 38, f.n. 5). Replacing Cox, a white female, with an African American employee would tend to rebut an inference of discrimination in regard to Plaintiff's termination.

Second, this Court determines there is no dispute of material fact as to whether Reynolds was hired to replace Plaintiff. Defendant submits through Blevins's Declaration that Reynolds was hired to replace Plaintiff. (ECF No. 29-14, p. 7). Reynolds was hired as an accounts payable clerk, the same position held by Plaintiff. *Id.* In response to this evidence, Plaintiff points out that Cox's position was also open at the time Reynolds was hired, and Defendant has provided no evidence such as interview dates or the date Reynolds was offered the job to support its contention Reynolds was hired to replace Plaintiff. (ECF No. 37, p. 14). This Court is not convinced by Plaintiff's observations. Defendant has

provided that Reynolds was hired three weeks after Plaintiff's termination and has stated through a declaration by the CFO of Defendant that he was hired to replace Plaintiff. Plaintiff may not rebut this evidence by merely pointing out Defendant could strengthen this contention by providing interview dates. Thus, there is no genuine dispute of material fact regarding whether Reynolds was hired to replace Plaintiff.

In sum, upon a review of the evidence, this Court determines Defendant terminated Plaintiff based on a combination of factors, including her unsatisfactory attendance and performance. Plaintiff has not established facts indicating the decision was made on a discriminatory basis. Therefore, Plaintiff's third objection is overruled.

Objection 4

For Plaintiff's fourth objection, she alleges the Magistrate Judge erroneously made credibility determinations that should have been left to a factfinder. (ECF No. 37, p. 15). In ruling on a motion for summary judgment, a court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Cts*., 780 F.3d 562, 569 (4th Cir. 2015) (citation omitted). However, as discussed at length regarding Plaintiff's third objection, "it is well settled in the Fourth Circuit that the opinions of co-workers are irrelevant in assessing a plaintiff's performance. Only the opinions of the employers are relevant." *Stevens v. Del Webb Communities, Inc*., 456 F. Supp. 2d 698, 708 (D.S.C. 2006) (citation omitted).

Plaintiff opines that the Magistrate Judge erroneously granted more weight to former Defendant Blevins's Declaration in assessing whether the non-discriminatory

reasons for termination provided by Defendant were pretextual. This Court disagrees. Plaintiff has failed to reconcile its contention the Magistrate Judge gave more weight to Defendant's evidence than the declaration and depositions of Plaintiff's former co-workers with existing Fourth Circuit precedent. Plaintiff presents statements of former co-workers seeking to rebut Defendant's evidence. In accordance with Fourth Circuit precedent, this does not create a genuine dispute of material fact as to whether Defendant terminated Plaintiff for poor performance. Accordingly, Plaintiff's fourth objection is overruled.

## IV.     <u>CONCLUSION</u>

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation (ECF No. 33). For the reasons discussed above and, in the Report, Defendant's Motion for Summary Judgment, (ECF No. 29), is granted.

IT IS SO ORDERED.

October 28, 2025                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge